UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL NO. 04-114-03 (RBW) |
| | : | |
| | : | UNDER SEAL |
| JAIRO ANTONIO MUSSO-TORRES | : | |
| a.k.a. "Pacho Musso" | : | |

FILED
AUG 0 5 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**GOVERNMENT'S MOTION TO EXCLUDE TIME UNDER THE
SPEEDY TRIAL ACT AND DECLARE THE CASE COMPLEX**

I. INTRODUCTION

The United States respectfully submits this motion seeking to exclude time from the calculation of the date by which defendant Jairo Antonio Musso-Torres must be tried pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161. Under 18 U.S.C. § 3161(h)(7), specifically authorizes the Court to exclude all time until the last co-defendant in this case is extradited to the United States. Also, Under 18 U.S.C. § 3161(h)(8), the Court is authorized to find this case is complex and exclude it from the 70 day speedy trial requirement.

II. PROCEDURAL HISTORY

On March 5, 2004, a grand jury in the District of Columbia returned a one count indictment against defendant Jairo Antonio Musso-Torres, Hernan Giraldo-Serna, Jesus Antonio Giraldo-Serna and Martin Peneranda-Osario. On June 4, 2004, a grand jury in the District of Columbia returned a superceding indictment which added three additional counts. Count Four of the superceding indictment was a second count against Musso-Torres. On March 2, 2005, a grand jury in the District of Columbia returned a second superceding indictment in this case. The

RECEIVED
AUG - 5 2005
NANCY MAYER WHITTINGTON, CLERK

second superceding indictment charged additional individuals under Count One but did not add any additional counts against Musso-Torres. Count One of the second superceding indictment charges Musso-Torres with conspiracy to import five kilograms or more of cocaine into the United States in violation of 21 U.S.C. §963 and conspiracy to manufacture and distribute five kilograms or more of cocaine intending and knowing that such cocaine would be unlawfully imported into the United States in violation of 21 U.S.C. § 959. Count Four of the second superceding indictment charges Musso-Torres with distributing and manufacturing five kilograms or more of cocaine intending and knowing that such cocaine would be unlawfully imported into the United States in violation of 21 U.S.C. 959. The United States filed provisional arrest requests for all named defendants with the Colombian authorities.

On May 4, 2004, Jairo Antonio Musso-Torres was arrested by Colombian authorities in Bogota, Colombia. Following Musso-Torres' arrest, the United States filed a formal extradition request with Colombian authorities on July 1, 2004. Colombian authorities granted the United States' extradition request on May 31, 2005. Musso-Torres arrived in the United States on July 16, 2005 and had his initial appearance in Washington, D.C. on July 18, 2005 where he waived his detention hearing and entered a plea of not guilty. A status hearing was held on August 4, 2005. On that date a status hearing was scheduled for November 4, 2005.

One of Musso-Torres' co-defendants, Jesus Antonio Geraldo-Serna, is in jail in Colombia awaiting extradition to the United States to stand trial with Musso-Torres. As of the date of the filing of this Government's motion it is expected that Jesus Antonio Geraldo-Serna will be extradited within approximately the next three months.

## III. LEGAL ANALYSIS

A.  The Time Until The Co-Defendant Jesus Antonio Giraldo-Serna Is Extradited
From Colombia Should Be Excluded Under The Speedy Trial Act

The Speedy Trial Act requires a defendant to be tried within seventy days from the filing of his indictment or from the date on which he appears before a judge or magistrate, whichever event last occurs. *See* 18 U.S.C. §§ 3161(c)(1). The Act permits certain periods of time to be excluded from this seventy day period. One specific exception excludes:

> a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted

18 U.S.C. § 3161(h)(7);

*See United States v. Varella*, 692 F.2d 1352, 1358 (11th Cir. 1982)(Section 3161(h)(7) embodies Congress' recognition that "the efficiency and economy of joint trials far outweighed the desirability of granting a severance where the criterion was simply the passage of time") Courts have relied upon this provision as a basis to exclude significant periods of time from the computation of a defendant's speedy trial calendar.

For example, in *United States v. Franklin*, 148 F.3d 451 (5th Cir. 1998) the court found that excluding 134 days while police searched for a fugitive co-defendant was reasonable in order to permit a joint trial of the defendants in a drug conspiracy case. The court said, "[t]he utility of a joint trial is particularly compelling here, as the defendants were charged with a single conspiracy so that the government could be expected to recite a single factual history, put on a single array of evidence, and call a single group of witnesses." 148 F.3d at 457 (internal quotations omitted).

3

Moreover, in *United States v. Tobin*, 840 F.2d 867 (11th Cir. 1988), the court found that the exclusion of eight months and ten days based upon in an unsuccessful effort to capture a fugitive co-defendant was reasonable. The court reasoned that under the "totality of the circumstances" the delay was necessary to determine if the goal of a single trial could be met and that the defendant was not prejudiced, "particularly in terms of impairing his ability to defend himself." 840 F.2d at 869. *See also United States v. Register*, 182 F.3d 820, 826-28 & n. 8 (11th Cir. 1999)(holding that a 38 month delay, while extraordinary, did not raise speedy trial concerns where the delay had resulted in part from the periodic joinder of defendants and the return of several superseding indictments).

These same interests clearly support the exclusion of time under the Speedy Trial Act in this case until the co-defendant Jesus Giraldo-Serna, currently in custody in Colombia, is extradited to the United States. The defendants in this case are charged in a single conspiracy and interests of judicial economy strongly weigh in favor of a single trial. The burden of multiple trials in this case would be significant, particularly because of the costs associated with bringing law enforcement witnesses from Colombia to the United States. More importantly, interests of witness safety would be severely complicated if the cooperating individuals in this case are forced to testify at multiple trials.

Finally, Jesus Giraldo-Serna is in custody awaiting extradition and is not a fugitive. Unlike the circumstances in the *Franklin* and *Tobin* cases, the absent co-defendant in this case is not a fugitive from justice whose time of capture cannot be predicted. Instead, Jesus Giraldo-Serna is in the custody of another sovereign nation with whom the United States has an extradition treaty. Accordingly, this court should rely upon the specific statutory exclusion of

time to toll the running of the Speedy Trial Act until the co-defendant arrives from Colombia in order to avoid needless separate trials.

B. This Case Should Be Excluded Under the Speedy Trial Act Due To It's Complex Nature

The Court may grant a continuance and thereby toll the seventy day period "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(8)(A). In determining whether to grant a continuance, one factor the Court must consider is "whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the prescribed time limit. 18 U.S.C. §3161(h)(8)(B)(ii).

This prosecution concerns an international drug conspiracy involving multiple defendants and co-conspirators from Colombia. This case involves the extraterritorial application of United States law. The investigation of this case occurred both inside and outside the United States and was conducted by Special Agents of the Drug Enforcement Administration and by law enforcement authorities of Colombia working independently of or in cooperation with the DEA. The case involves evidence from Colombia and possibly other foreign countries which will require translation from Spanish into English. Many of the government's witnesses reside outside the United States and must be brought to the United States to testify at trial. Because the case involves the extraterritorial application of United States law and the prosecution of a multiple member international drug conspiracy, it may present novel questions of fact or law.

5

Accordingly, the government respectfully submits that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limit established by the Speedy Trial Act. In *United States v. Kamer*, 781 F.2d 1380 (9th Cir. 1986), the court found that exclusion of the case from the speedy trial requirements for additional trial preparation was supported by a complex case that had numerous overseas documents, most of which were in the Dutch language, and many foreign witnesses. The court in *United States v. Brooks, et al.*, 697 F.2d 517 (3d Cir. 1982) affirmed a district court's finding that the case was a complex case that alleged a drug manufacturing and distributing conspiracy involving nine people, with four counts of substantive drug offenses involving various members of conspiracy, where not all defendants had secured counsel, and where discovery had not been completed. See also, *United States v. Strong*, 608 F. Supp. 188 (E.D. Pa. 1985) (concluding the failure to grant an ends of justice delay as a complex case would deny the government needed evidence and time necessary for effective preparation in a complex case that sought evidence from Hong Kong and Singapore).

### III. .DEFENDANT'S ATTORNEY DOES NOT OPPOSE THIS MOTION

The Government's attorney has spoken with defendant Musso-Torres attorney, Roy Rodriguez regarding the Government's Motion to Exclude Time Under the Speedy Trial Act and Declare the Case Complex. Mr. Rodriguez was informed of the Government's motion and stated he does not oppose the Government's Motion to Exclude Time Under the Speedy Trial Act and Declare the Case Complex.

## CONCLUSION

For all of the foregoing reasons, the Government respectfully requests that this motion be granted.

Respectfully submitted

MICHAEL W. WALTHER, Actin Chief
Narcotics and Dangerous Drug Section

_____

Patrick H. Hearn
Trial Attorney
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C.  20005
(202) 202-305-7606

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was sent via facsimile to Roy Rodriguez, counsel for defendant, at 305-595-9732 this 5 day of August, 2005.

_____
Patrick H. Hearn



RECEIVED
AUG - 5 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT