UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.    CR NO. 04-114-15 (RBW/JMF)

FREDDY CARILLO,

    Defendant.

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

In this case, the factors required to be considered by 18 U.S.C. section 3142 compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community. The defendant is named in an indictment for conspiracy to manufacture and distribute five kilograms or more of cocaine, intending and knowing that the cocaine would be unlawfully imported into the United States. Having been charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*), the defendant is thus eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(c).

Several factors in the detention statute favor the government's argument for detention. The nature and the circumstances of the offense are compelling. 18 U.S.C. § 3142(g)(1). In addition, the weight of the evidence against the defendant is substantial. 18 U.S.C. § 3142(g)(2). The charges in this case arise from evidence obtained during an investigation which revealed that the defendant is a member of a cocaine trafficking and transportation organization. The organization operates in and around the north coast of Colombia, South America, eventually destined for the United States. The evidence against the defendant consists of seizures of cocaine, surveillance, Colombian court-authorized intercepted telephone conversations in Colombia, and cooperating and/or government witnesses. The evidence from the investigation shows that from at least 2004 to the present, the defendant and his associates have transported hundreds of kilograms of cocaine, intended for transport tot eh United States, using "go fast" boats from locations in northern Colombia to points in Central American. From Central America, the cocaine is then transported to the United States. Furthermore, the defendant is a Colombia citizen, with no known ties to the United States. 18 U.S.C. § 3142(g)(3)(A). As the defendant was extradited, he did not surrender to the United States or United States government voluntarily and his personal characteristics suggest that a serious risk exists that he will flee. 18 U.S.C. § 3142(f)(1)(A). In similar situations, several courts have ordered pretrial detention of foreign defendants with no connection to the United States. See United States v. Vargas, 804 F2d 157 (1st Cir. 1986); United States v. Geerts, 629 F. Supp. 830 (E.D. Pa. 1985). Finally, the defendant constitutes a clear and present danger to the community. Drug traffickers, particularly those in positions of authority, are likely to continue engaging in drug-related activities if released on bail and thus constitute a danger to the community. United States v. Creekmore, 1997

WL 732435 (D.D.C. Sept. 25, 1997).

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial. Although it is unclear whether or not immigration officers have filed a detainer against this defendant, because he proffered nothing to rebut the presumption of dangerousness created by the Bail Reform Act, I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community or the appearance of the defendant at trial. See 18 U.S.C. § 3142(e) . I will, therefore, order the defendant detained without bond pending trial.

                                                **JOHN M. FACCIOLA**
                                                **UNITED STATES MAGISTRATE JUDGE**

**October 2, 2006**