UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-114 (RBW) |
| | ) | |
| **HUBER ANIBAL GOMEZ LUNA,** | ) | |
| | ) | |
| **JUAN CARLOS GUASCA LEGARDA,** | ) | |
| | ) | |
| **FREDY CASTILLO CARILLO,** | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS

The United States, by and through Patrick Hearn, Trial Attorney, Department of Justice Criminal Division, Narcotic and Dangerous Drug Section, hereby respectfully submits to the Court the following proposed Voir Dire Questions.

1.  The United States is represented in this case by Department of Justice Trial Attorneys Patrick Hearn, Melanie Laflin, and Glenn Alexander. Assisting the Government is paralegal Barry Rhodes. Do you know or recognize any of these individuals?

2.  The defendants are represented by Manuel Retureta, Joseph Conte, and Brian McDaniel. Do you know or recognize either of these individuals?

3.  The Judge in this case is the Honorable Reggie B. Walton. The courtroom deputy is Ms. Mattie Powell-Taylor. The court reporter is Phyllis Merana. Do you know or recognize the judge or any member of the courtroom staff?

4.  Huber Anibal Gomez Luna, Juan Carlos Guasca Legarda, and Fredy Castillo Carillo, are presumed innocent unless and until the government proves their guilt beyond a reasonable doubt. Is there anyone who cannot accept this and presume that Huber Anibal Gomez Luna, Juan Carlos Guasca Legarda, and Fredy Castillo Carillo are innocent? This presumption of innocence can only be overcome if the government proves Huber Anibal Gomez Luna, Juan Carlos Guasca Legarda, and Fredy Castillo Carillo guilt beyond a reasonable doubt. Is there anyone who could not follow this standard?

5. Is any member of the panel, or any close friend or relative currently or previously employed or applied for a position as a law enforcement officer?  A law enforcement officer would be someone who works for the Drug Enforcement Administration, Metropolitan Police Department, the Capitol Police, the Park Police, the Secret Service, the  Federal Bureau of Investigation, the D.C. Department of Corrections, and other law enforcement agencies.

6. Is any member of the panel, or any close friend or relative currently or previously enlisted in the military?  If yes, what branch?  If yes, have you or they been involved with the military police?

7. Would any member of the panel tend to believe or disbelieve the testimony of a law enforcement officer just because he or she is a law enforcement officer?  Would any member of the panel tend to give more or less weight to the testimony of a law enforcement officer than given to testimony by other witnesses?

8. Does any member of the panel have any preference, bias, or prejudice concerning law enforcement in general, and specifically the Drug Enforcement Administration, the U.S. Customs Service, and the Department of Justice, that would lead you to be prejudiced either in favor of or against the government?

9. Does any member of the panel have any preference, bias, or prejudice concerning foreign law enforcement officers in general, and specifically the Colombian National Police, that would lead you to be prejudiced either in favor of or against the government?

10. Does any member of the panel believe that law enforcement officials (this includes members of any law enforcement agency, such as the Drug Enforcement Administration, Metropolitan Police Department, the FBI or U.S. Marshal Service) are not trustworthy or that they tend to fabricate information or evidence?

11. Does any member of the panel believe that foreign law enforcement officials are not trustworthy or that they tend to fabricate information or evidence?

12. Has any member of the panel or a close friend or relative studied law or had any legal training, including paralegal training?

    a. In what areas of law has that training or practice been?

    b. Have you discussed with your friends or relatives who have had legal training the nature of their work or cases they have handled?

    c. If you have handled or studied legal matters or discussed legal matters with friends or relatives who practice or study law, would that affect your ability to follow the Court's instructions as to the law to be applied to this case or     your ability to be fair and impartial in this case?

13. Is any member of the panel or a close friend or relative presently employed, or ever been employed, by a defense attorney, defense law firm, private investigator, or a prosecutor's office?

    a. In what capacity?

    b. Would that affect your ability to render a fair and impartial verdict?

14. Do any of you, your close friends or relatives presently have pending application for employment with the United States Attorney's Office, the public defender service, a defense attorney, or any law enforcement agency?

15. Has any member of the panel or any family member or a close friend ever been the victim of, a witness to, or charged with, a criminal offense.

16. Has anyone ever testified in court or appeared as a witness?

    a. (If yes) Where did the testimony take place? What kind of case was it? Did you testify on behalf of the plaintiff/prosecution or the defense?

    b. (If yes) Was there anything about that experience that would make it difficult for you to be fair and impartial as a juror in this case?

17. Have you, any members of your family, or any close personal friends ever been charged with a drug violation?

18. Do you believe that you, any members of your family, or any close friends were ever falsely accused of a crime?

19. Has any member of the panel or any family member or a close friend ever appeared as a witness in a criminal or civil trial, a hearing or a deposition?

20. Has any member of the panel or any family member or a close friend ever been questioned by any law enforcement official?

21. This case involves allegations of conspiracy to distribute narcotics. Does anyone have such strong feelings about illegal drugs that the nature of the charges would make it difficult for you to be fair and judge this case on the evidence presented in court? Has any member of the panel or any family member or a close friend ever had any involvement with narcotics or other illegal drugs?

22. Does any member of the panel disagree with the government's policy of prosecuting narcotics or other drug offenses? Does any member of the panel believe that the distribution or possession of drugs should be legalized? Does anyone believe that either

too much or too little effort is spent on the prosecution of drug offenses or that the penalties assigned to those offenses are either too severe or too lenient?

23. Does anyone have such strong feelings about illegal drugs and narcotics that they could not be fair and impartial in considering the evidence?

   a. Does anyone believe that the possession of drugs and narcotics should be legalized?

   b. Does anyone believe that the distribution of drugs and narcotics should be legalized?

   (If yes) Have you ever belonged to any group that advocated the legalization of drugs?

   (If yes) Have you ever participated in demonstrations in favor of legalizing drugs or contributed to any group that advocated legalizing drugs?

24. Does anyone believe that the United States Government spends either too much or too little effort on the enforcement of drug laws?

25. This case involves an alleged conspiracy to distribute a controlled substance (i.e., cocaine) intending and knowing that illegal drugs ultimately would be unlawfully imported into the United States. Because this case involves a conspiracy, physical drug evidence will not be presented at trial. Is there anything about the nature of this charge, or the fact that no physical drug evidence will be presented at trial, that would make it more difficult for you to return a verdict of guilty?

26. Because of the secretive nature of drug trafficking, the United States often employs the use of confidential informants--individuals who, because of their background and experience, are able to provide information regarding drug traffickers and are able to infiltrate drug trafficking organizations where law enforcement would be unable.

   a. Would the fact that a confidential informant has a background in drug trafficking and previously has been convicted of a criminal offense, affect your ability to listen to the testimony such that you would be inclined to immediately disregard such a witness' testimony as unworthy of belief.

   b. Would the fact that a confidential informant is paid for his services and receives substantial payments for his cooperation from the United States for his assistance, affect your ability to be a fair and impartial juror?

   c. Does anyone have difficulty accepting the United State's use of confidential informants to infiltrate drug trafficking organizations such that they would disregard the testimony of a testifying confidential informant as unworthy of belief.

27. In this case, there will be testimony from cooperating witnesses--that is witnesses who had pending cases and agreed to cooperate with the government in exchange for benefits in their cases. Does any member of the panel oppose this practice? Is there any member

      of the panel who would automatically reject such a witness's testimony and not be able to listen to this witness's testimony and evaluate it as instructed by the Court?

28. Has any member of the jury panel ever served on a petit or grand jury, either federal or local, before?

    a. If petit jury, what kind of case? What was the result of the trial?

    b. If grand jury, do you understand that the proof requirement before a grand jury is one of "probable cause," while the government at this trial must present proof beyond a "reasonable doubt"?

    c. Was the case civil or criminal?

    d. If criminal, did the case involve a drug offense?

    e. Did the jury reach a verdict?

    f. Was there anything about your previous jury experience that would affect your service as a juror in this case?

29. Has anyone in the panel ever lived or traveled to Latin America or the Carribean including but not limited to Colombia, Guatamala, Honduras, Nicaragua, Belize, Mexico, Jamaica or any other country in the Carribean, Central or South America?

    a. (If yes) When? For how long? What was the purpose of your travel?

    b. (If yes) Is there anything about your experience that would prevent you from being fair and impartial in considering the evidence in this case?

    c. Does anyone have any specialized knowledge about Colombia or Mexico?

    d. Does anyone have family members or close personal friends from Colombia or Mexico?

30. During the course of this trial you are going to hear audiotapes in the Spanish language, with English translations. Does any member of the jury panel speak, read, or understand the Spanish language to any degree? Would any member of the panel be concerned about his or her ability to read along with English translations of tapes that are in the Spanish language?

    a. (If yes) Some witnesses may testify in Spanish. Their testimony will be translated by a court certified translator. Will you be able to accept the English translation of that testimony even if you disagree with the translation?

      b. (If yes) You will hear audio-taped and video-taped conversations in Spanish. The conversations will have been translated by a court certified translator. Will you be able to accept the English translation even if you disagree with the translation?

      c. Would you be fair and impartial in evaluating the testimony of both Spanish-speaking and non-Spanish-speaking witnesses?

31. Do any members of the panel have any religious, social, or moral beliefs, which would affect your ability to sit in judgment in a criminal case?

32. Does any member of the panel know any other member of the panel? Would that affect your ability to decide the case for yourself based on your individual judgment?

33. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Is there anyone who--for any reason--would not be able to accept and follow the Court's instructions regarding the law? Will you be able to follow the law as instructed by the Court even if you disagree with it?

34. The Court will instruct the jury that it is required by law to make its decision solely on the basis of evidence presented in court and not on the basis of conjecture, suspicion, sympathy, or prejudice. Will you be able to accept and follow that instruction?

35. The presentation of evidence in this trial may last about three weeks; the length of deliberations is determined by the jury itself. Is there any member of the panel who has an urgent or extremely important matter to attend to in the next three to four weeks which would create an extreme hardship for the panel member if selected for the jury in this case?

36. Are any of you presently taking any medication which might cause drowsiness, or experiencing any other physical or mental conditions which might in any way affect your ability to give your full attention to this case?

37. Do you have any difficulty understanding spoken English or reading the English language that would interfere with your ability to sit as a fair and impartial juror in this case?

38. As mentioned previously, audio and video recordings will be played during the course of this trial. Do you have any hearing or sight impairments that would interfere with your ability to see and hear the evidence as it is presented in this case?

39. Do any of you feel that because of television shows such as "CSI" and "Law and Order" that you would need to see forensic evidence such as fingerprints or DNA analyses before you could convict a defendant of a crime?

40. Anyone who serves on this jury will take an oath to follow the Court's instructions of law. Is there anyone who would not follow the Court's instructions, even if they personally disagreed with them?

41. Do you understand that sentencing of a defendant should not be taken into consideration by the jury when deciding guilt or innocence?

42. Do any members of the panel know any other reason, not already discussed, why you feel you cannot sit as a juror in this case and render a fair and impartial verdict in this case, based solely on the evidence presented?

**WHEREFORE**, the government respectfully requests that the foregoing voir dire questions be read to the jury in this case.

> Respectfully submitted,
> KEN BLANCO, Chief
> Narcotics and Dangerous Drug Section
>
> /s/
> ───────────────────────
> Patrick H. Hearn
> Trial Attorney
> Narcotics and Dangerous Drug Section
> U.S. Department of Justice
> 1400 New York Avenue, N.W.
> Washington, D.C.  20005
> (202) 305-7606

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 4, 2008, Government's Proposed Voir Dire were sent via email to Guasca's attorney, Joseph Conte, via email, jrc1113@msn.com, Gomez's attorney, Manuel Retureta, via email, mjr.wr@verizon.net, and Castillo's attorney, Brian McDaniel, via email, bkmassociates@aol.com.

> /s/
> ───────────────────────
> Patrick H. Hearn
> Trial Attorney
> U.S. Department of Justice
> Narcotic and Dangerous Drug Section