UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-114 (RBW) |
| | ) | |
| **HUBER ANIBAL GOMEZ LUNA**, | ) | |
| | ) | |
| **JUAN CARLOS GUASCA LEGARDA**, | ) | |
| | ) | |
| **FREDY CASTILLO CARILLO**, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States, by and through Patrick Hearn, Trial Attorney, Department of Justice Criminal Division, Narcotic and Dangerous Drug Section, hereby respectfully submits to the Court the following proposed Jury Instructions to be read to the jury in this case. (all citations are to the Red Book Criminal Jury Instructions unless otherwise noted)

**General Instructions:**

1.02 Note Taking by Jurors

1.04 Stipulation of Fact

1.07 Questions Not Evidence

1.08 Expert Testimony

1.10 Prior Inconsistent Statement

2.01 Function of the Court

2.02 Function of the Jury

2.03 Jury's Recollection Controls

2.04 Evidence in Case - Stipulations

2.05 Statements of Counsel

2.06 Indictment Not Evidence

2.07 Inadmissible and Stricken Evidence (if applicable)

2.08 Burden of Proof- Presumption of Innocence

**** Reasonable Doubt

We request that in place of Instruction 2.09 from the Red Book, this Court give Instruction 21, Definition of Reasonable Doubt, from Pattern Criminal Jury Instructions, which was approved by this circuit in United States v. Taylor, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993). That instruction reads as follows:

> As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt.
>
> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty. If,

based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

2.10 Direct and Circumstantial Evidence

2.11 Credibility of Witnesses

2.13 Number of Witnesses

2.14 Nature of Charges Not to be Considered

2.23 Testimony of Immunized Witness

2.24 Informer's Testimony

2.26 Police Officer's Testimony

2.27 Failure of Defendant to Testify (if applicable)

2.28 Defendant as Witness (if applicable)

2.30 Transcripts of Tape Recordings

2.53 Multiple Defendants-One Count

2.70 Redacted Documents and Tapes

2.71 Election of Foreperson

2.72 Unanimity of Verdict

2.73 Exhibits During Deliberations

2.74 Possible Punishment Not Relevant

2.75 Communications between Court and Jury During Deliberations

2.76 Furnishing the Jury with a Copy of the Instructions

2.77 Use of Verdict Forms

3.02 Proof of State of Mind

3.10 Wire Taps or Wire Interceptions

3.11 Consensual Tape Recordings

4.02 Aiding and Abetting

\*\*\*\* Transcripts of Recordings

During this trial, you have used typewritten transcripts of translations from Spanish into English of the oral conversations that can be heard on the tape recordings and videotape received into evidence. The transcript also purports to identify the speakers engaged in such conversation. I have admitted the transcripts for the purpose of aiding you in following the content of the conversation as you listened to the tape recordings and videotape which were spoken in Spanish and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript and from your own examination of the transcript

The transcripts have been certified by an interpreter and/or translator who testified as to how the transcripts were prepared. While in a case involving English conversations which have been recorded, the jury is routinely instructed that they are not bound by the transcript, that is because every juror is just as capable as the person preparing the transcript to tell what is being said on the recording. That is not so with the recorded Spanish conversations that have been introduced in this case. Accordingly, I am now instructing you that the transcripts are guides prepared for you so that you can understand the Spanish language recordings. You are not free

to reject the accuracy of the interpretation and translation of the tape recordings and videotape or interpret them differently from the translation and the interpretation given by the interpreter and translator in the transcripts.

See United States v. Fuentes-Montijo, 68 F.3d 352 (9th Cir. 1995); United States v. Morales- Madera, 352 F.3d 1 (1st Cir. 2003)(English translations of Spanish language tape recordings should be introduced into evidence); United States v. Llinas, 603 F.2d 506 (5th Cir. 1979).

**** Additional Instruction Regarding Alternate Jurors

For those of you who have been designated as alternate jurors, I want to give you an instruction. Your job is not over, and will not be until a verdict has been reached in this case. After you have been excused, please continue to not talk about this case with anyone, and let us know where you can be reached. During the deliberations, if any of the jurors become ill or cannot continue to sit as a juror, we may need you to come back to the courtroom and participate in deliberations.

**** Witness Preparation

You are instructed that it is permissible for the attorneys for the United States to be present with witnesses in a criminal case during the investigation of the case and before trial. The attorneys for both sides of the case have the responsibility to meet with the witnesses and review the expected testimony with them.

**Charges:**

A. Government's Proposed Conspiracy Instruction

Count One of the indictment charges that from on or about sometime in 1994 up to the date of the indictment, March 2, 2005, Huber Anibal Gomez Luna, a.k.a. "El Mello Rico," a.k.a.

"Hector," a.k.a. "Repetido," Juan Carlos Guasca Legarda, Fredy Castillo Carillo, a.k.a. "Pinocho," and others did unlawfully, knowingly and intentionally combine, conspire, confederate and agree, together and with co-conspirators, to commit the following offenses against the United States to unlawfully, knowingly and intentionally manufacture **or** distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending **or** knowing that such cocaine would be unlawfully imported into the United States, in violation of Title 21, Sections 963, and 959 of the United States Code.

A conspiracy charge is a separate and different offense from the underlying crimes that are the alleged purpose or object of the conspiracy. This is because it is an offense to conspire, or agree, with someone to commit a crime even if that crime is never committed. So, a conspiracy is a combination of two or more persons to accomplish an unlawful purpose. It is a partnership in crime. Nonetheless, you must consider separately each alleged conspirator's participation. Specifically, for you to find Huber Anibal Gomez Luna, a.k.a. "El Mello Rico," a.k.a. "Hector," a.k.a. "Repetido," Juan Carlos Guasca Legarda, Fredy Castillo Carillo, a.k.a. "Pinocho," guilty of conspiracy, the government must prove each of the following elements beyond a reasonable doubt as to each defendant.

First, that at some time between sometime in 1994 up to the date of the indictment, March 2, 2005, Huber Anibal Gomez Luna, a.k.a. "El Mello Rico," a.k.a. "Hector," a.k.a. "Repetido," Juan Carlos Guasca Legarda, Fredy Castillo Carillo, a.k.a. "Pinocho," an agreement existed between at least two people to commit a crime, namely, a conspiracy with one or both of these two objectives: (1) to import cocaine into the United States, or (2) to manufacture **or** distribute cocaine for the purpose of unlawful importation into the United States.

Second, that Huber Anibal Gomez Luna, a.k.a. "El Mello Rico," a.k.a. "Hector," a.k.a. "Repetido," Juan Carlos Guasca Legarda, Fredy Castillo Carillo, a.k.a. "Pinocho," knowingly and willfully joined and participated in this conspiracy, that is consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently. In other words, ladies and gentlemen, the second element requires that the government must prove each defendant's membership in this conspiracy.

An agreement to constitute a conspiracy does not have to be in writing. It does not have to be an express or formal plan in which everyone who was involved sat down together and worked out all the details. This, of course, rarely, if ever, happens when illegal purposes are involved. The government must prove beyond a reasonable doubt that there was a common understanding or common undertaking among two or more people to commit a crime. Such an agreement need not be proved directly but it may be inferred from the circumstances and conduct of the parties, since ordinarily a conspiracy is characterized by secrecy.

To be a member of the conspiracy, Huber Anibal Gomez Luna, a.k.a. "El Mello Rico," a.k.a. "Hector," a.k.a. "Repetido," Juan Carlos Guasca Legarda, Fredy Castillo Carillo, a.k.a. "Pinocho," need not know the identities or the number of all the other members of the conspiracy, nor all of the details of the conspiracy, or the means by which its purposes or objectives were to be accomplished.  Each member of the conspiracy may perform separate or distinct acts. But it is necessary that the government prove beyond a reasonable doubt that Huber Anibal Gomez Luna, a.k.a. "El Mello Rico," a.k.a. "Hector," a.k.a. "Repetido," Juan Carlos Guasca Legarda, Fredy Castillo Carillo, a.k.a. "Pinocho," each had knowledge that the conspiracy existed, was aware of the common purpose and was a willing participant with the intent or knowledge to advance the objectives of the conspiracy.

It is not necessary that the government prove that a particular alleged conspirator, from the beginning, was aware of the common purpose and had knowledge that the conspiracy existed, and was a member of the conspiracy. Different persons may become members of the conspiracy, at different times. In addition, a defendant may be found to have been a member of a conspiracy even though he was not apprised of all of the activities of the other members. Moreover, it is not necessary, in order to convict Huber Anibal Gomez Luna, a.k.a. "El Mello Rico," a.k.a. "Hector," a.k.a. "Repetido," Juan Carlos Guasca Legarda, Fredy Castillo Carillo, a.k.a. "Pinocho," of the charge of conspiracy, that the objectives or purposes of the conspiracy were achieved or accomplished.

In addition, the government is not required to prove that the defendants committed an act in furtherance of the conspiracy. The essence of the offense of conspiracy is the agreement to commit a crime, not the commission of overt acts in furtherance of the agreement. In determining whether a conspiracy existed and whether Huber Anibal Gomez Luna, a.k.a. "El Mello Rico," a.k.a. "Hector," a.k.a. "Repetido," Juan Carlos Guasca Legarda, Fredy Castillo Carillo, a.k.a. "Pinocho," were one of its members, you may consider the acts and statements of any other member of the alleged conspiracy, done or made during the course of and in furtherance of the conspiracy, as evidence against each defendant whom you have found to be a member of the conspiracy. However, before doing so you must determine that there was a conspiracy. When persons enter into a conspiracy, they become agents for each other, so that the act or statement of one conspirator is considered the act or statement of all the other conspirators and is evidence against each and all of them.

You should not base your determination of the guilt or innocence on the extent of Huber Anibal Gomez Luna, a.k.a. "El Mello Rico," a.k.a. "Hector," a.k.a. "Repetido," Juan

Carlos Guasca Legarda, Fredy Castillo Carillos', a.k.a. "Pinocho," participation in the alleged conspiracy. Huber Anibal Gomez Luna, a.k.a. "El Mello Rico," a.k.a. "Hector," a.k.a. "Repetido," Juan Carlos Guasca Legarda, Fredy Castillo Carillo, a.k.a. "Pinocho," may be convicted as a conspirator even though each played a minor role in the conspiracy, or joined the conspiracy after it was underway, provided that you find beyond a reasonable doubt that the conspiracy existed, and that either Huber Anibal Gomez Luna, a.k.a. "El Mello Rico," a.k.a. "Hector," a.k.a. "Repetido," Juan Carlos Guasca Legarda, Fredy Castillo Carillo, a.k.a. "Pinocho," knowingly participated in the conspiracy with the intent to advise, encourage or assist other conspirators. You need not find that all members of the conspiracy were members at one time. For either Huber Anibal Gomez Luna, a.k.a. "El Mello Rico," a.k.a. "Hector," a.k.a. "Repetido," Juan Carlos Guasca Legarda, Fredy Castillo Carillo, a.k.a. "Pinocho," to be convicted as a conspirator, it is sufficient if at some time during the course of the conspiracy, he or she was a member of the conspiracy**.**

It is not essential that the prosecution prove that the conspiracy began or ended on the specific dates set forth in the indictment. Rather, the government is required to prove beyond a reasonable doubt that in fact a conspiracy existed for some time within the period set forth in the indictment.

In summary, a conspiracy is a kind of partnership in crime. For the defendants to be convicted of the crime of conspiracy, the government must prove two things beyond a reasonable doubt: First, that there was an agreement to commit a crime; and second, that each defendant intentionally joined that agreement.

Finally, in order to convict each defendant of the conspiracy charge in Count One of the indictment, it is not necessary that you find that the conspiracy involved the actual amount of the

mixture or substance containing cocaine alleged in the indictment.  The amount of the mixture or substance containing a controlled substance is not an element of Count One.  However, if you find each defendant guilty of Count One, you must answer the question on the verdict form relating to Count One.  The question will require you to determine whether the total amount of the mixture or substance containing cocaine involved in the conspiracy was five kilograms or more.  In determining the answer to this question, you must be unanimous.  Further, before you can answer the question in the affirmative, you must find that the government has proved that the conspiracy involved at least that amount of the mixture or substance containing cocaine beyond a reasonable doubt.

B. Underlying offense–Objective of the conspiracy.

The objective of the conspiracy count is the offense of manufacturing or distributing five kilograms or more of cocaine intending or knowing that it would be unlawfully imported into the United States.  These are the elements of this offense:

1. The defendant manufactured or distributed five kilograms or more of cocaine outside of the U.S.

2. The defendant intended that the cocaine would be brought into the United States, or the defendant knew that the cocaine would be brought into the United States. (Ninth Circuit Criminal Pattern Jury Instructions (2003), page 393.)

Knowing means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident. Intending means to do a thing in order to bring about a desired result.

Distribute means to transfer or attempt to transfer to another person.  The government need not prove that the defendant received or expected to receive anything of value in return.

Manufacture means the production, preparation, propagation, compounding or processing of a drug, or other substance, either directly or indirectly or by extraction from substances of natural origin, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of such substance or labeling or relabeling of its container.

To import a substance means to bring or transport that substance into the United States from a place outside the United States. To distribute cocaine means to transfer the cocaine from one person to another. The government need not prove that the defendants received or expected to receive anything of value in return.

The law makes cocaine a controlled substance. You must decide whether the material distributed was cocaine. In doing so, you may consider all of the evidence that may help you, including exhibits, expert and non-expert testimony.

**WHEREFORE**, the government respectfully requests that the foregoing instructions be read to the jury in this case.

                              Respectfully submitted,
                              KEN BLANCO, Chief
                              Narcotics and Dangerous Drug Section


                              _____/s/_____
                              Patrick H. Hearn
                              Trial Attorney
                              Narcotics and Dangerous Drug Section
                              U.S. Department of Justice
                              1400 New York Avenue, N.W.
                              Washington, D.C.  20005
                              (202) 305-7606

## CERTIFICATE OF SERVICE

       The undersigned certifies that on April 4, 2008, Government's Proposed Jury Instructions were sent via fax to Guasca's attorney, Joseph Conte, via email, jrc1113@msn.com, Gomez's attorney, Manuel Retureta, via email, mjr.wr@verizon.net, and Castillo's attorney, Brian McDaniel, via email, bkmassociates@aol.com.

                                    /s/
                                Patrick H. Hearn
                                Trial Attorney
                                U.S. Department of Justice
                                Narcotic and Dangerous Drug Section