**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**      \*      **CASE NO.  CR-04-114(9) (RBW)**
    \*
       **v.**     \*
    \*
**RODRIGO TOVAR PUPO,**     \*
    \*
      **Defendant.**     \*

## RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Comes the United States of America, through its undersigned attorney, and moves the District Court to deny the defendant's motion to dismiss for lack of jurisdiction.

The defendant moved on March 31, 2015, pursuant to Fed.R.Crim.P. 12(b)(2), to dismiss the indictment for lack of  jurisdiction.  The defendant claimed that the indictment failed to allege an offense because the defendant was the *de facto* governing authority exercising legitimate taxing authority, and legitimate taxing authority cannot be the basis for criminal liability.  (Motion to Dismiss, pp. 1-2).  The motion should be denied because it is untimely and because it has no merit.

Though the defendant's motion invokes the provision of Rule 12(b)(2) that a motion asserting a lack of jurisdiction may be made at any time, the motion is in reality, and as it states on its face, a motion to dismiss because of a defect in the indictment.  Pursuant to Rule 12(b)(3), such a motion must be made before trial, and is therefore untimely.  Pursuant to Rule 12(c)(3), the District Court may consider the defendant's request if the defendant "shows good cause."[1] As to good cause, the defendant offers only that "the long procedural history of this matter" and the allegation that prior counsel pressured the defendant to plead guilty, excuse filing this motion

---

[1] Prior to 2015, the rule provided that the defendant waived untimely motions, but that for good cause, the District Court may grant relief from waiver.

prior to his guilty plea. (Motion to Dismiss, p. 1, n. 1.)  However, the defendant does not offer good cause for his failure to timely file this motion to dismiss.  Defendant was represented by two counsel, Joaquin Perez and Heather Shaner, and both counsel have testified under oath that they did not pressure the defendant to plead guilty.  Presumably, either or both counsel could have made this motion to dismiss before the defendant pleaded guilty. Further, the defendant knew long before his guilty plea that he was indicted based in part on forcing drug traffickers to pay a "tax" to the paramilitary organization headed by the defendant, and such misconduct was set out in detail in the proposed factual basis which was used to support the guilty plea. Thus, defendant, who was represented prior to his guilty plea by two competent counsel, when all knew that the defendant was being held accountable in part because he enacted "taxes" on drug traffickers, has not shown good cause to excuse his untimely filing.

The defendant's claim is very similar to the claim raised by the deposed Panamanian strongman, Manuel Noriega, in contesting his prosecution in the United States for several offenses, most notably drug trafficking.  Noriega filed a pre-trial motion to dismiss his indictment, claiming that he was the *de facto* leader of Panama and entitled to immunity.  *United States v. Noriega,* 117 F.3d 1206, 1211 (11th Cir. 1997).  The district court rejected Noriega's head-of-state claim because the United States government never recognized Noriega as Panama's legitimate, constitutional ruler.  *Id.*  On appeal, the 11th Circuit upheld the ruling of the district court. *Id.* at 1212-1213.  Similarly, the defendant was never recognized by the United States, much less his own nation, as a legitimate, constitutional ruler, so his head-of-state claim must be rejected on the merits.

Further, the defendant's assertion that "legitimate" collection of taxes cannot be a basis for criminal liability is not supported by the cases he has cited.  In *Department of Revenue v.*

*Kurth Ranch,* 511 U.S. 767 (1994), Montana police raided the respondent's farm and confiscated marijuana plants, after which the Kurth's pleaded guilty to drug charges.  When the revenue department sought to in a separate proceeding to collect a state tax imposed on the possession of dangerous drugs, the Kurth's challenged the tax as a form of double jeopardy.  The Supreme Court agreed, holding that the tax violated the constitutional prohibition against successive punishments for the same offense.  Likewise, in *Lynn v. West,* 134 F.3d 582 (4th Cir. 1988), the question was whether a state excise tax on drug dealers was in reality a criminal penalty which could not be enforced without the constitutional safeguards that accompany criminal proceedings. On appeal, the 4th Circuit held that the state's drug tax was a criminal penalty which could not be enforced without the constitutional safeguards of a criminal proceeding.  The defendant's remaining claim – that he did not share the criminal objective of the his co-conspirators and that he was not guilty of conspiracy – does not implicate jurisdictional concerns and cannot be the basis for a motion to dismiss for lack of jurisdiction.

Lastly, in considering the motion as a motion alleging a defect in the indictment, an indictment is not defective if it tracks the language of the statute and puts the defendant on sufficient notice as to the offense charged so that he can adequately defend against a successive prosecution for the same offense.  *United States v. Mangieri,* 694 F.2d 1270, 1272 (D.C.Cir. 1982); *United States v. Fern,* 155 F.3d 1318, 1325 (11th Cir, 1998).  In the instant case, the indictment tracks the statute, and puts the defendant on sufficient notice of the charges, so accordingly any motion to dismiss for defective indictment is without merit.

Accordingly, for the reasons noted above, the defendant's motion to dismiss should be denied.

Respectfully submitted,

ARTHUR G. WYATT
CHIEF, NDDS

_____-s-_____
Paul W. Laymon
Trial Attorney
Narcotic and Dangerous Drugs
Department of Justice
145 N Street NE
Washington, D.C. 20005
Phone      202-514-1286
Facsimile  202-514-1483
paul.laymon@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this response was sent via e-mail to defense counsel on April 6, 2015.

_____-s-_____
Paul W. Laymon